UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MADDOX,<br><br>    Petitioner,<br><br>    v.<br><br>M. PARR,<br><br>    Respondent. | Case No.  1:19-cv-00851-NONE-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 14 |

    Petitioner Thomas Maddox, a federal prisoner with counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner sought a court order instructing the Bureau of Prisons ("BOP") to recalculate his good time credits under the First Step Act ("FSA") and to advance his date of transfer to community confinement. ECF No. 1; 8. On April 7, 2020, respondent moved to dismiss the petition for lack of standing, ripeness, and jurisdiction, and for mootness and failure to exhaust administrative remedies. ECF No. 14 at 1. On April 20, 2020, petitioner filed a notice of non-opposition to dismissal due to mootness. ECF No. 15. For the reasons stated below, we recommend that respondent's motion to dismiss be granted.

**Discussion**

    In 2016, petitioner pleaded guilty to a federal firearm charge and was sentenced to a term of 63 months in prison. ECF No. 1 at 2. On June 19, 2019, petitioner filed the instant petition, alleging that BOP refused to calculate his good time credits ("GTC") in accordance with the FSA,

depriving him of 37 days of GTC.[1] *Id*. at 3. On November 14, 2019, petitioner's GTC were recalculated in accordance with FSA. ECF No. 14 at 7. On February 14, 2020, the BOP transferred petitioner to a community corrections center. ECF No. 14 at 2. On April 20, 2020, petitioner filed a notice of non-opposition to respondent's motion to dismiss considering his transfer to a community corrections center and imminent release date. ECF No. 15. On April 30, 2020, petitioner was released from BOP custody.[2]

      We evaluate motions to dismiss under the standard set forth in Rule 4 of the Rules Governing Section 2254 Cases. If it "plainly appears" that the petitioner is not entitled to relief, we must dismiss the petition. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

      Here, petitioner sought for us to order BOP to recalculate his good time credits under the FSA and to accordingly advance his date of transfer to community confinement. ECF No. 1; 8. The respondent has submitted proof that petitioner's GTC was adjusted in accordance with the FSA and we take notice that petitioner was ultimately released from BOP custody. Petitioner does not oppose the dismissal of this action. Because the relief petitioner sought has already been

---

[1] The First Step Act of 2018, which amended 18 U.S.C. § 3624(b)(1), requires BOP to permit federal prisoners to earn up to 54 days GTC per year of incarceration. *See Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). Previously, the BOP used a calculation that only allowed for 47 days of GTC per year. *Id*.

[2] We have reviewed BOP's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (search "Find by Name" for "Thomas Lee Maddox"). The petitioner is was released on April 30, 2020.

granted, he has stated no injury that may be redressed here, and his petition is rendered moot. *See Lewis*, 494 U.S. at 477. Therefore, it plainly appears that the petitioner is not entitled to relief, and we recommend dismissal of the petition.[3]

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the Court decline to issue a certificate of appealability.

### IV. Findings and Recommendations

For the foregoing reasons, we recommend that the court grant respondent's motion to dismiss, ECF No. 14, dismiss the case, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be

---

[3] Accordingly, we decline to analyze respondent's remaining grounds for dismissal.

1  captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding
2  district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___May 12, 2020___        _____/s/ Jeremy Peterson_____
                                  UNITED STATES MAGISTRATE JUDGE

No. 206.